D. Maimon Kirschenbaum
Josef Nussbaum
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 981-9587 (fax)

*Attorneys for Named Plaintiffs, proposed FLSA
Collective Plaintiffs, and proposed Class*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
ALFONSO TENEZACA, NELSON
NACIPUCHA, RENAN ZAMORA-FLORES,
and MALVIN LUNA, on behalf of themselves
and others similarly situated,

                Plaintiffs,

   v.

808 LEX RESTAURANT, LLC d/b/a IL
GRADINO RESTAURANT, TERRENCE
LOWENBERG, and TODD COHEN,

                Defendants,

-------------------------------------------------------x

<u>COMPLAINT</u>

FLSA COLLECTIVE ACTION AND RULE
23 CLASS ACTION

DEMAND FOR JURY TRIAL

Plaintiffs, on behalf of themselves and all others similarly situated, allege as follows:

<u>**JURISDICTION AND VENUE**</u>

1.      This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").  This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

**THE PARTIES**

3.      All Defendants are hereinafter collectively referred to as "Defendants."

4.      Defendant 808 Lex Restaurant LLC ("Il Gradino") is a New York limited liability company.

5.      Defendant 808 Lex Restaurant LLC owns and operates the restaurant Il Gradino restaurant located in Manhattan.

6.      Il Gradino has annual gross sales in excess of $500,000.

7.      Defendants Terrence Lowenberg and Todd Cohen jointly own and operate Il Gradino.  They are frequently present at the restaurant, and they are ultimately responsible for the day-to-day affairs of both locations. They both have ultimate authority over hiring and firing of employees, payroll, schedules, exercise control over the restaurant's day to day operations.

8.      To the extent that employment records are kept for employees, Defendants Lowenberg and Cohen maintain and have control over those records.

9.      When Plaintiffs had disputes and complaints about the specific payroll issues challenged in this lawsuit, the restaurant's general manager told them the matter was in the hands of the restaurants' owners, Defendants Lowenberg and Cohen.

10.      The liquor license at Il Gradino is registered listing Defendants Lowenberg and Cohen as principals.

11.      Plaintiff Renan-Zamora Flores was employed by Defendants as a server from mid-2022 until the present.

12.    Plaintiff Nelson Nacipucha was employed by Defendants as a server from mid-2022 until September 2023.

13.    Plaintiff Alfonso Tenezaca was employed by Defendants as a server from mid-2022 until September 2023.

14.    Plaintiffs Renan-Zamora, Nacipucha, and Tenezaca are hereinafter referred to as the "Server Plaintiffs."

15.    Plaintiff Malvin Luna was employed by Defendants as a dishwasher from mid-2022 until the present.

16.    All Plaintiffs are hereinafter collectively referred to as "Plaintiffs."

## FLSA COLLECTIVE ACTION ALLEGATIONS

17.    The Server Plaintiffs bring the First, Second and Third Claims for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all service employees employed by Defendants at Il Gradino on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

18.    At all relevant times, the Server Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules of failing to pay them the minimum wage and overtime, and willfully retaining their tips.  The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

19.    The First, Second and Third Claims for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For purpose of notice and other purposes

related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

20.    The Server Plaintiffs bring the state law wage and hour Claims for Relief (Fourth, Fifth, Sixth, Seventh and Eighth Claims for Relief) pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all service employees employed by Defendants at Il Gradino on or after the date that is six years before the filing of the Original Complaint in this case as defined herein (the "Class Period").

21.    All said persons, including Server Plaintiffs are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P. 23.

22.    The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than fifty (50) members of the Class.

23.    The Server Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same

corporate practices of Defendants, as alleged herein, of failing to pay minimum wage, overtime and spread of hours compensation, illegally retaining tips. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

24.    Server Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Server Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

25.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual

members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

26.     Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

27.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a)     Whether Defendants employed Server Plaintiffs and the Class members within the meaning of New York law.

b)     At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Server Plaintiffs and the Class members for their work.

c)     Whether Defendants paid Server Plaintiffs and the Class members the minimum wage for all hours worked.

d)     Whether Server Plaintiffs were manual workers entitled to be paid on a weekly basis.

e)      Whether Defendants illegally retained portions of Server Plaintiffs' tips and the Class members' tips.

f)      Whether Defendants illegally distributed Server Plaintiffs' and the Class members' tips to Defendants' agents and/or non-service employees

g)      Whether Defendants paid employees New York's "spread of hours" premium when their workdays exceeded 10 hours.

h)      Whether Defendants provided Server Plaintiffs and Class members with the proper notices.

## FACTS

### Class and Collective Allegations

28.     Plaintiffs' Consent to Sue forms are attached as Exhibit A.

29.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

30.     Defendants knew that the nonpayment of minimum wage and illegal deductions from the compensation of Plaintiffs, the FLSA Collective Plaintiffs, and members of the Class would economically injure them and violated federal and state laws.

31.     Server Plaintiffs worked for Defendants as servers.

32.     Server Plaintiffs were paid pursuant to New York's tip credit minimum wage, which is lower than the full minimum wage.

33.     Defendants were not entitled to pay Server Plaintiffs less than the full minimum wage because Defendants did not give Server Plaintiffs proper written notice of the minimum wage.

34.     Server Plaintiffs regularly worked more than 40 hours in a week.

35.    For example, for the week ending August 19, 2022, Plaintiff Renan-Zamora worked at least 49 hours, as reflected on his paystubs.

36.    Server Plaintiffs were not given appropriate notices and acknowledgments of pay rate as required by New York Law.  As a result, they were unaware of the full minimum wage/tip credit requirements.

37.    Server Plaintiffs' weekly wage statements also made no mention of any tip credit, as required by New York law.

38.    Defendants required Server Plaintiffs to pool their tips each night.  Until roughly February of 2023, the tip-pool illegally included the restaurant's General Manager.

39.    Since about July of 2023, Server Plaintiffs worked their regular work schedules, but Defendants failed to pay them on time.

40.    Server Plaintiffs were manual worked who Defendants were required to pay on a weekly basis.  Defendants in fact paid them on a weekly basis until approximately July of 2023.

41.    While Plaintiffs continued to receive their paychecks after that time, they received them several days after their weekly pay date.  More importantly, the checks repeatedly bounced for insufficient funds.  As a result, they were not paid in a timely manner, and mostly not all since July 2023.

42.    Thus, the Server Plaintiffs' for those weeks was zero, below the federal and state minimum wages.   They also did not receive their tips for the weeks in which their paychecks bounced because their tips were typically paid through their pay checks.

43.    When Server Plaintiffs worked double shifts, their workdays lasted longer than 10 hours.  Defendants did not pay them New York's "spread of hours" premium.

44.    Defendants committed the foregoing acts against Plaintiffs, the FLSA Collective Members, and the Class.

## **Plaintiff Luna's Allegations**

45.    Plaintiff Luna worked for Defendants as a dishwasher.    Plaintiff typically worked 5-6 days per week, from 4:00 p.m. until closing time, which could be as late as 2-3:00 a.m.

46.    Defendants did not pay Plaintiff Luna 1.5 times his regular wage for all hours worked in excess of 40 per workweek.

47.    Defendants did not pay Plaintiff Luna New York's "spread of hours" premium when his workdays lasted more than 10 hours.

48.    Defendants did not put Plaintiff Luna's actual hours worked on wage statements, as required by New York Law.

49.    Plaintiff Luna has also not received timely wages since July 2023, as described above.

50.    Plaintiff Luna was not given appropriate notices and acknowledgments of pay rate as required by New York Law.

## **FIRST CLAIM FOR RELIEF**
**(FLSA Illegal Deductions from Gratuities, 29 U.S.C. § 201, *et seq.***
**Brought by Server Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)**

51.    Server Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

52.    At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

53.     At all relevant times, Defendants have employed, "employee[s]," including Plaintiffs and each of the FLSA Collective Plaintiffs.

54.     During the statute of limitations period covered by these claims, Defendants knowingly retained/misappropriated gratuities belonging to Plaintiffs and the FLSA Collective Plaintiffs.

55.     Server Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid gratuities, liquidated damages as provided by the FLSA, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

### SECOND CLAIM FOR RELIEF
**(FLSA Minimum Wage Violations, 29 U.S.C. §§ 201, *et seq.*)**
**(Brought by Server Plaintiffs on Behalf of Themselves**
**and the FLSA Collective Plaintiffs and by Plaintiff Luna Individually**)

56.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

57.     At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.   At all relevant times, Defendants have employed, "employee[s]," including Plaintiffs and the FLSA Collective Plaintiffs.

58.     Defendants knowingly failed to pay Plaintiffs and the FLSA Collective Plaintiffs the full federal minimum wage for each hour worked.

59.     Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**THIRD CLAIM FOR RELIEF**
**(FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*)**
**(Brought by Server Plaintiffs on Behalf of Themselves**
**and the FLSA Collective Plaintiffs and by Plaintiff Luna Individually**)

60.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

61.     Throughout the statute of limitations period covered by these claims, Plaintiffs and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek.

62.     At all relevant times, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay Plaintiffs and the FLSA Collective Plianitffs at one and one half times the greater of their regular rate or the full federal minimum wage for work in excess of forty (40) hours per workweek and willfully failing to keep records required by the FLSA and relevant regulations even though the Plaintiffs and the FLSA Collective Plaintiffs were entitled to overtime.Plaintiffs, on behalf of themselves the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, and attorneys' fees and costs.

**FOURTH CLAIM FOR RELIEF**
**(New York State Minimum Wage Act, New York Labor Law § 650 et seq.;**
**N.Y. Comp. Codes R. & Regs. tit. 12, §§ 146-1.3, 146-2.9)**
**(Brought by Server Plaintiffs on Behalf of Themselves**
**and the Class and by Plaintiff Luna Individually**)

63.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

64.     Defendants knowingly failed to pay Plaintiffs and the Class members the full New York State minimum wage for all hours worked.

65.     Defendants' failure to pay Plaintiffs and members the Class the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

66.     As a result of Defendants' willful and unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## FIFTH CLAIM FOR RELIEF
**(New York State Overtime Violations, N.Y. Lab. L. §§ 650 *et seq.***
**N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4)**
**(Brought by Server Plaintiffs on Behalf of Themselves**
**and the Class and by Plaintiff Luna Individually**)

67.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

68.     It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

69.     Defendants willfully, regularly and repeatedly failed to pay Plaintiffs and the Class members at the required overtime rate of one-and-one-half times the full New York minimum wage for hours worked in excess of forty (40) hours per workweek.

70.     As a result of Defendants' willful and unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

## SIXTH CLAIM FOR RELIEF
**(Illegal Deductions from Gratuities, N.Y. Lab. L. §§ 193, 196-d and 198-b)**
**(Brought by Server Plaintiffs on Behalf of Themselves**
**and the Class**)

71.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

72.     Defendants willfully diverted portions of the Server Plaintiffs' and Class Members' tips.

73.     As a result of Defendants' willful and unlawful conduct, the Server Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

**SEVENTH CLAIM FOR RELIEF**
**(New York Notice Requirements, N.Y. Lab. L. §§ 195, 198)**
**(Brought by Server Plaintiffs on Behalf of Themselves**
**and the Class and by Plaintiff Luna Individually)**

74.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

75.     Defendants did not provide Plaintiffs and members of the Class with the notices/wage statements required by N.Y. Lab. Law §§ 195(1) and 195(3).

76.     As a result of Defendants' willful and unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages in amount to be determined at trial, post-judgment interest, and costs and attorneys' fees.

**EIGHTH CLAIM FOR RELIEF**
**(New York State Late Payment of Wages Violations**
**New York Minimum Wage Act, N.Y. Stat. § 190 et seq.)**
**(Brought by Server Plaintiffs on Behalf of Themselves**
**and the Class and by Plaintiff Luna Individually)**

128.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were fully set forth again at length herein.

129.     At all relevant times, Defendants have been, and continue to be, "employers" within the meaning of the NYLL, § 190, et seq.  At all relevant times, Defendants have employed "employee[s]," including Plaintiffs.

130.     Defendants did not pay Plaintiffs—who were manual laborers—on a weekly basis.

131.     The aforesaid conduct of Defendants was knowing, intentional, and willful.

132.     By their aforesaid conduct, Defendants willfully violated the provisions of the NYLL regarding timely payment of wages, NYLL Art. 6 § 191, et seq.

133.     Plaintiffs are thereby entitled to recover from Defendants, jointly and severally, liquidated damages in the amount of Plaintiffs' respective untimely paid wages, as well as compensatory damages for bank fees paid by Plaintiffs, interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, the Server Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs and members of the Class, and Plaintiff Luna pray for relief as follows:

A.     Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B.     Designation of Server Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

C.     Designation of this action as a class action pursuant to F.R.C.P. 23.

D.     Designation of Server Plaintiffs as Representatives of the Class.

E.     An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

F.     Penalties available under applicable laws;

G.     Costs of action incurred herein, including expert fees;

H.     Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 198, 663 and other applicable statutes;

I.     Pre-judgment and post-judgment interest, as provided by law; and

J.     Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated:  New York, New York          Respectfully submitted,
        September 28, 2023
                                    JOSEPH & KIRSCHENBAUM LLP


                                    By: */s/ D. Maimon Kirschenbaum*
                                        D. Maimon Kirschenbaum
                                        Josef Nussbaum
                                        32 Broadway, Suite 601
                                        New York, NY 10004
                                        Tel: (212) 688-5640
                                        Fax: (212) 981-9587

                                    *Attorneys for Named Plaintiffs, proposed*
                                    *FLSA Collective Plaintiffs, and proposed*
                                    *Class*


## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.