**MEMO ENDORSED**

# JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

February 26, 2024

**VIA ECF**

Honorable Jessica G.L. Clarke
United States District Court
Southern District of New York
500 Pearl St. New York, NY 10007

      Re:    *Tenezaca, et al, v. 808 Lex Restaurant, LLC, et al,*
              23-cv-08545 (JGLC)

Dear Judge Clarke:

      We represent Plaintiffs in the above-referenced matter. In accordance with the Court's February 15, 2024 Order, we write jointly with Defendants' counsel to (a) update the Court with the respect to the parties' agreement regarding the scope of pre-certification discovery, and (b) raise certain discovery disputes pursuant to Local Rule 37.2 and Rule 4(k) of Your Honor's Individual Rules for which the Parties seek a ruling. Plaintiffs served a deficiency letter with respect to these disputes on January 31, 2024 and the undersigned and Defense counsel Matthew Cohen met and conferred on February 7, 2024 and again on February 14, 2024 for a total of approximately 45 minutes to discuss the issues set forth below.

      **I.    The Parties Agreement Regarding Pre-Certification Discovery**

      Defendants have agreed to provide complete payroll records for all captains, servers, bartenders, runners, and bussers who worked at Il Gradino for payroll cycles encompassing the following four sample weeks: June 5, 2022, November 13, 2022, March 12, 2023, and December 10, 2023. These sample records will include, without limitation, any and all of the following records in Defendants' possession, custody and/or control: tip sheets, time records, schedules, pay records roll journals and/or registers, and wage statements. The parties agree that this agreement does not foreclose Plaintiffs' right to seek complete class-wide payroll records in the event a class is certified. Defendants also agree to provide this information no later than March 8, 2024.

      **II.    The Discovery Disputes for Which the Parties Seek a Ruling**

      On December 6, 2023, Plaintiffs served 9 interrogatories and requests for the production of documents on all Defendants. Defendants served formal responses to these requests on January 23, 2024. (Copy of Defendants' responses to the Interrogatories and requests for production are attached hereto as "Exhibit A" and "Exhibit B," respectively.)

      **A.    Plaintiffs' Position**

          **1.    Defendants have not properly responded to Plaintiffs' Interrogatories**

    In Interrogatory no. 3, Plaintiffs asked Defendants to identify people and/or entities that provided payroll services for Defendants' employees. Defendants refused to provide this

1

information and propounded various boilerplate objections all of which make no sense. This is a wage and hour lawsuit and, for obvious reasons, Plaintiffs are entitled to know the identities of witnesses with relevant knowledge. The persons (including Defendants' employees) or entities that provided payroll services obviously have knowledge of Defendants' wage and hour practices.

In Interrogatories nos. 4 to 9 Plaintiffs ask Defendants to identify all of Il Gradino's managers during the liability period, as well individuals who performed functions of managers and/or employers under the FLSA and NYLL. *See* Exhibit A at 3-6. Again, Defendants refuse to answer these Interrogatories and propounded boilerplate objections. Significantly, Defendants object that the information sought is "irrelevant and not proportional to the needs of the case" and that the requests are "overly broad, vague, ambiguous, [and] unduly burdensome." Defendants' objection is baseless. Paragraph 7 of the Complaint alleges that the Individual Defendants jointly own and operate Il Gradino and are involved in hiring and firing, payroll, scheduling, and controlling the restaurant's day to day operations. ECF. No. 1 at ¶ 7. Similarly, Paragraph 38 of the Complaint alleges that "[u]ntil roughly February of 2023, the tip-pool illegally included the restaurant's General Manager." *Id*. at ¶ 38. Accordingly, the identities of individuals who were managers at Il Gradino and/or who performed supervisory/management functions at Il Gradino are highly relevant to the claims in this case. Defendants' objections on the grounds that the information sought is "irrelevant," "ambiguous" or "vague" is disingenuous. There is nothing vague or ambiguous about Plaintiffs' requests for the identities of Defendants' managers and/or supervisory employees.

Finally, in addition to failing to answer these Interrogatories, Defendants have still not provided verifications to their responses despite the clear requirement of Fed. R. Civ. P. 37(b)(5) and Plaintiffs' request in our January 31, 2024 deficiency letter that they do so. For the foregoing reasons, we respectfully request that the Court order Defendants to serve amended and verified responses with information that is responsive to all these Interrogatories.

### 2. Defendants Are Improperly Withholding Documents Plaintiffs Requested

As an initial matter, Defendants' responses to the document requests fail to adhere to Fed. R. Civ. P. 34(b)(2)(c) which provides that "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection." Defendants' responses to Plaintiffs' requests do not state whether responsive information is being withheld. Instead, Defendants simply object to each request and, on numerous occasions—including occasions where Defendants undoubtedly have responsive information—fail to state if they are withholding any documents.

In Request no. 1, Plaintiffs seek each Plaintiffs' personnel files, including applications for employment, hire forms, new-hire wage rate notices, annual wage rate notices, complaints, comments, write-ups, reprimands, disciplinary action (whether formal or informal), employee handbooks, and/or training materials. Exhibit B at 3. In response, Defendants propounded boilerplate (and nonsensical) objections and only provided certain payroll records. In our meet and confer, Defendants simply stated that they do not believe the personnel file information Plaintiffs seek is relevant to this lawsuit. As outlined above, Plaintiffs' complaint sets forth allegations about (a) the supervisory and/or operational control of the individual Defendants, and (b) that Defendants included a manager in the tip pool. Accordingly, whether the named Defendants/mangers signed or are referenced in the requested records is highly germane to the duties they performed and thus to the liability Plaintiffs intend to establish here. In addition, one of the central claims the Complaint is that Defendants were not entitled to pay tipped employees less than the minimum wage because Defendants did not give the employees proper written notice of the minimum wage.

ECF No. 1 at ¶ 33. In their Answer, Defendants flatly deny these allegations. ECF No. 24 at ¶ 33. Accordingly, information contained in documents such as "applications for employment, hire forms, new-hire wage rate notices, annual wage rate notices" are highly relevant to claims in this lawsuit and must be produced. Finally, the *Williams v. Fire Sprinkler Assoc. Inc.* 2017 WL 1155771 at *3 (E.D.N.Y. Mar. 27, 2017) case cited by Defendants below has no bearing on this issue. In that case, the plaintiffs sought personnel files of the defendants and third-party potential witnesses. Unlike in *Williams*, Plaintiffs here seek *their own* personnel files so any issues relating to confidentiality are baseless.

In Request nos. 24 and 45 Plaintiffs sought documents relating to the timing that Plaintiffs were actually paid by Il Gradino. In their complaint, Plaintiffs allege that Defendants frequently failed to pay their employees on time and that "checks repeatedly bounced for insufficient funds." ECF No. 1 at ¶¶ 39-42. (For avoidance of doubt, attached hereto as "Exhibit C" is a copy of bank record indicating "insufficient funds" were available to pay a paycheck.) While Defendants produced wage statements for Plaintiffs, those documents merely record the date the wage statements *were issued* and do not record when the funds in the employees' paychecks were *actually paid* to them. Plaintiffs are entitled to all records pertaining to the timing of payment allegation, including any and all of Defendants' bank statements from which Plaintiffs' payments were drawn. At minimum, these records will indicate (1) the dates that Plaintiffs' check were actually paid, (2) Defendants' payroll account balances on the dates that they issued checks to Plaintiffs, and (3) the dates Plaintiffs attempted to cash checks for which Defendants' accounts were flagged as having "insufficient funds."

Next, in Request no. 35 Plaintiffs sought all records of wages, salary and/or tips that management and/or supervisory employees at Il Gradino earned. As outlined above, Plaintiffs allege they had to share tips with managers/supervisors. Accordingly, Plaintiffs are entitled to the restaurants' managers/supervisors payroll records who participated in the restaurant's tip pool.

Finally, in Requests nos. 44 to 49, Plaintiffs sought records of all income the restaurant received. In their complaint, Plaintiffs alleged that Il Gradino had gross annual sales in excess of $500,000 and are thus subject to the Fair Labor Standards Act. *See* Complaint ¶ 6. In their answer, Defendants stated that they "neither admit nor deny the allegations set forth in Paragraph "6" of the Complaint […]." *See* Answer ¶ 6. When we informed Defendants of Plaintiffs' position, they offered to stipulate that Il Gradino earned in excess of $500,000 however, to date, we have not received a draft of this stipulation. Proposed stipulation aside, Defendants' flippant response in their Answer to a claim they know to be true and which is crucial to this litigation is emblematic of their overall attitude towards this case from its inception to the current discovery disputes.

For all the above reasons, Plaintiffs respectfully request that the Court Order Defendants to amend their responses to the discovery demands and to do so forthwith so that the Parties can commence depositions and complete all discovery by the April 3, 2024 fact discovery deadline. Contrary to Defendants' statements below, Plaintiffs' discovery responses—which are not due yet—have no bearing on the issues outlined in this letter.

### B. Defendants' Position

Defendants vehemently disagree with Plaintiffs' position, and respectfully request a conference at least two weeks after March 1, 2024 to discuss the parties' discovery disputes. The reason Defendants seek a conference at least two weeks after March 1, 2024 is because Plaintiffs' responses to Defendants' discovery demands are due on March 1, 2024, and Defendants need a

short period of time to review Plaintiffs' responses and meet and confer regarding same should there be any deficiencies in advance of any discovery conference to ensure the Court's resources are not wasted.

### 1. Defendants' Responses to Plaintiffs' Interrogatories

Plaintiff conveniently omits from his correspondence above that Defendants also objected to each of the interrogatories currently at issue because they were in violation of the Court's Local Rules. In Interrogatory No. 3, Plaintiffs demanded that Defendants "[i]dentify every person or entity that provided payroll services to Il Gradino employees during the Liability Period." As the Court knows, pursuant to Local Rule 33.3, "interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents…." Interrogatory No. 3 does not comply. Plaintiffs are not seeking the name of any witnesses here and are instead seeking a specific factual response. Moreover, Plaintiffs have not alleged any wrongdoing by Il Gradino's payroll provider. Thus, the identity of the payroll provider is irrelevant. Nonetheless, Defendants' 1088-page production indicates Defendants' payroll provider.

In Interrogatories Nos. 4-9, Plaintiffs demand that Defendants identify various individuals who had supervisory authority at Il Gradino, including dates of employment. Preliminarily, dates of employment are not encompassed within Local Rule 33.3. Further, while Plaintiffs may claim that managers participated in the tip pool, these Interrogatories do not have any limiting language whatsoever. The names of managers who do not perform "front of the house" work are not relevant. Nonetheless, as previously explained to Plaintiffs' counsel, Defendants would consider amending their responses should the interrogatories be appropriately limited.

Defendants' counsel notified Plaintiff's counsel that it will be providing a verification for the interrogatory responses. This should be complete by March 8, 2024.

### 2. Defendants' Responses to Plaintiffs' Request for Documents

Plaintiffs requested that Defendants identify whether they are withholding responsive materials in response to any objection. Defendants agree to respond to this request by March 8, 2024.

In Request No. 1, Plaintiffs demand the personnel files for Plaintiffs and Opt-in Plaintiffs The personnel files are plainly irrelevant. Plaintiffs' reason for needing personnel files to review who may have signed certain documents on behalf of Il Gradino does not automatically confer supervisory and/or operational control for purposes of the NYLL and FLSA. Personnel files are confidential documents, and courts have often been cautious in requiring employers to produce them. Indeed, "Plaintiffs still have an affirmative burden pursuant to Rule 26(b)(1) to illustrate exactly why and how the personnel files sought are relevant, material and proportional to their claims." *Williams v. Fire Sprinkler Assoc. Inc.*, 2017 WL 1155771 at *3 (E.D.N.Y. Mar. 27, 2017).

Plaintiffs likewise cannot rely on their need for personnel files to review wage notices because the Court lacks Article III standing for Plaintiffs' seventh cause of action pursuant to NYLL § 195. *See, e.g., Quieju v. La Jugueria Inc.*, 2023 WL 3073518 (E.D.N.Y. Apr. 25, 2023) (dismissing wage notice and wage statement claims for lack of standing); *Chen v. Lilis 200 West 57th Corp.*, 2023 WL 2388728 at *7 (S.D.N.Y. March 7, 2023) ("courts in this Circuit have held that plaintiffs lack standing to bring wage notice and statement claims under the NYLL absent any

concrete, downstream consequences of the recordkeeping violation. Vague allegations that Defendants' violations facilitated their other unlawful conduct do not give rise to a cognizable downstream consequence."); *Sudilovskiy v. City WavCorp.*, 2022 WL 4586307 at *5 (E.D.N.Y. Sept. 29, 2022) (plaintiff's wage notice and wage statement claims were dismissed where "[t]he pleading in the case at bar [was] devoid of any allegation that the wage underpayment would not have occurred, or would have been reduced, had plaintiffs received a proper wage notice or wage statements."); *Shi v. TL & CG Inc.*, 2022 WL 2669156 at *8-9 (S.D.N.Y. July 11, 2022) (dismissing wage notice and statement claims); *Francisco v. NY Tex Care, Inc.*, 2022 WL 900603 at *7 (E.D.N.Y. Mar. 28, 2022) (even if wage notice and wage statement provisions were violated, "neither Plaintiff nor the record demonstrate how those technical violations led to either a tangible injury or something akin to a traditional cause of action… [that would] constitute an injury that can be recognized by the federal courts").

Additionally, in Request Nos. 24, Plaintiffs sought documents concerning the dates Plaintiffs were "actually paid." As mentioned *supra*, Defendants provided Plaintiffs with *all* paystubs in their possession for Plaintiffs. The dates Plaintiffs cashed their checks are irrelevant because Plaintiffs could have held onto their paychecks for days, weeks, or even longer before attempting to cash them, and nefariously done so. In Request No. 45, Plaintiffs sought Il Gradino's bank records. Plaintiffs do not provide *any* limiting language whatsoever. Plaintiffs are certainly not entitled to confidential financial documents with information and transactions that are beyond the scope of this lawsuit. Moreover, there is no scenario where any of Plaintiffs' claims can be established based upon when Plaintiffs cashed their checks.

Next, in Request No. 35, Plaintiffs demanded wage records for all individuals employed as a "manager and/or supervisor." Simply because Plaintiffs alleged they shared tips with managers does not entitle them to all payroll records for any employee in a supervisory role. That is not narrowly tailored and would provide Plaintiffs with confidential financial information for individuals who are non-parties and who are not even members of a putative class or collective. Additionally, Defendants agreed to provide Plaintiffs with tip records for any week in which any of the Plaintiffs received tips and tip records for the 4 weeks of the sample class production discussed above, which serves the same purpose of establishing which individuals received tips.

Lastly, Plaintiffs' cavalier attitude regarding Defendants' discovery responses must be disregarded. To date, Defendants have produced 1,088 pages of documents, consisting of pay records and time records for each of the 12 Plaintiffs. Defendants have also agreed to produce tip records as discussed above and will be doing so by March 8th. Defendants' counsel also clearly notified Plaintiffs' counsel *via* e-mail dated February 21, 2024 that "we can stipulate to Il Gradino having a gross annual revenue of at least $500,000 for 2022 and 2023" (the only years Il Gradino was open). If Plaintiffs' counsel wants a formal Stipulation acknowledging same in addition to the e-mail, he is welcome to send us one to review and sign. At no point, however, did Plaintiffs provide Defendants with such a Stipulation or follow up with Defendants on this topic following the February 21st e-mail.

Therefore, Defendants respectfully request that the Court deny Plaintiffs' request in its entirety, or in the alternative, schedule a conference after Defendants have had an opportunity to review Plaintiffs' forthcoming responses to Defendants' discovery requests.

We thank the Court for its attention to this matter.

Respectfully submitted,

**JOSEPH & KIRSCHENBAUM LLP**

    s/ *Josef Nussbaum*
Josef Nussbaum
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640

cc: All Counsel of Record (via ECF)

The parties are ORDERED to appear before the Court for a conference on **March 20, 2024 at 2:00 p.m.** via Microsoft Teams. The parties shall continue to confer regarding the deficiencies raised in Plaintiffs' letter and attempt to reach agreement on as much as possible in advance of that conference. The parties shall file an updated joint letter, no later than **March 15, 2024**, regarding remaining discovery disputes between the parties.

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

Dated: February 27, 2024
       New York, New York