

Kaufman Dolowich LLP
135 Crossways Park Drive, Suite 201
Woodbury, NY 11797

Telephone: 516.681.1100

www.kaufmandolowich.com

Matthew Cohen, Esq.
mcohen@kaufmandolowich.com

August 27, 2024

**VIA ECF**
Hon. Jessica G.L. Clarke
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1040
New York, New York 10007

      Re:    *Alfonso Tenezaca et al. v. 808 Lex Restaurant, LLC et al.*
             *Civil Action No.: 1:23-cv-08545*

Dear Judge Clarke:

      This firm represents the Defendants, 808 Lex Restaurant, LLC d/b/a Il Gradino Restaurant, Terrence Lowenberg, and Todd Cohen (collectively, "Defendants") in the above-referenced matter. In accordance with Local Rule 1.4, we write regarding our intention to file a letter motion to withdraw as Defendants' counsel. We also write to request the Court's permission to submit our letter motion *ex parte* and under seal in accordance with Rule 5 of Your Honor's Individual Rules and Practices in Civil Cases.

      It is well settled that documents supporting an attorney's request to be relieved as counsel are routinely filed under seal, or submitted *ex parte*, to preserve the confidentiality of the attorney-client relationship. *See Team Obsolete Ltd. v. A.H.R.M.A. Ltd.* 464 F.Supp.2d 164, 165 (E.D.N.Y. 2006); *Weinberger v. Provident Life & Cas. Ins. Co.,* 1998 WL 898309, at *1 (S.D.N.Y. Dec. 23, 1998) ("it is appropriate for a court considering a counsel's motion to withdraw to consider *in camera* submissions in order to prevent a party from being prejudiced by the application of counsel to withdraw."). Indeed, the committee notes to Local Civil Rule 1.4 endorse such a procedure. *See* Local Civil Rule 1.4 (observing that the requirement for a party's counsel to factually support an application to withdraw is "not meant to preclude the Court from permitting the reasons for withdrawal to be stated *in camera* and under seal in an appropriate case.").

      In this matter, there is little to no public interest in the reasons why Kaufman Dolowich LLP seeks withdrawal from this matter. Indeed, publicly disclosing these reasons will likely prejudice Defendants. Accordingly, we respectfully request permission to submit a letter motion to withdraw as Defendants' counsel *ex parte* and under seal.

      As discussed in our contemporaneous letter motion to withdraw, we respectfully request that the Court enter an Order relieving Kaufman Dolowich LLP as counsel for Defendants and staying this matter for thirty days to afford Defendants an opportunity to find new counsel.

Hon. Jessica G. L. Clarke
August 26, 2024
Page | 2

      Finally, we respectfully request that Defendants' deadline to oppose Plaintiffs' motion for class certification currently due on August 28, 2024 and the Parties' status report currently due on August 28, 2024 be held in abeyance pending the Court's decision on our motion to withdraw.

      We thank Your Honor for your consideration of this request.

      Respectfully submitted,
      Kaufman Dolowich LLP

      Matthew Cohen

The Court sees no reason why the application to withdraw should be made *ex parte*. Indeed, the Court must hear from Plaintiffs regarding any prejudice that they might suffer as a result of granting the motion to withdraw and must hear from Plaintiffs regarding a stay. Furthermore, given the very general description of the conflicts at issue, the vast majority of counsel's letter (ECF No. 89) is not privileged. Counsel is permitted to redact the amount of fees owed and references to specific communications with Defendants. Counsel shall refile the letter with limited and appropriate redactions no later than **August 30, 2024**.

The Clerk of Court is directed to terminate ECF No. 89.

SO ORDERED.

JESSICA G. L. CLARKE
United States District Judge

Dated: August 28, 2024
New York, New York