1  UNITED STATES DISTRICT COURT
2  SOUTHERN DISTRICT OF NEW YORK

3  ALFONSO TENEZACA, NELSON
   NACIPUCHA, RENAN ZAMORA-FLORES,
4  and MALVIN LUNA, on behalf of themselves
   and others similarly situated,
5
6                                                    Case No. 23-cv-08545 (JGLC)

7              Plaintiff,
                                        **DECLARATION OF JONATHAN**
8           -against-                    **PAUL RE NOTICE PROCEDURES**

9  808 LEX RESTAURANT, LLC d/b/a IL
10 GRADINO RESTAURANT, TERRENCE
   LOWENBERG, and TODD COHEN,
11                         Defendant.

12

13 I, Jonathan Paul, declare as follows:

14      1.      I am the CEO at Xpand Legal ("Xpand"), a class action settlement administrator

15 that has been retained by the parties to serve as the Settlement Administrator for the settlement in

16 the above referenced action. Xpand is located in Irvine, California. I am over 21 years of age and

17 am not a party to this action. I am responsible for supervising the settlement services provided by

18 Xpand for this matter. The facts set forth herein are true of my own personal knowledge and I am

19 informed and believe them to be true. If called as a witness, I could and would competently testify

20 thereto.

21                      **I.      EXPERIENCE**

22      2.      Xpand specializes in class action notification and claims administration, including

23 telephone support and web-based support, direct mail services, claims processing, and settlement

24 fund distribution. Xpand has extensive experience in class action matters, having provided services

25 in class actions ranging in size from 17 to 350,000 Class Members.

26 Attached hereto as **Exhibit A** is a true and correct copy of Xpand's CV, reflecting our primary

27 competencies as they relate to class action settlement administration.

28
                                          1

## II.    OVERVIEW OF XPAND LEGAL'S RESPONSIBILITIES

3.    Xpand's responsibilities in administering the settlement in this action to date have included the following: (a) Establishing a settlement Qualified Settlement Fund ("QSF"); (b) Mailing the Settlement Class Notice to Class Members; (c) Securing a post office box to which Class Members can send Requests for Exclusions, Objections and other communications; (d) Establishing a toll-free telephone number which provides Class Members with information about the proposed Settlement; and (e) calculating distribution amounts to Class Members in accordance with the Agreement.

## III.    CLASS NOTICE

4.    In accordance with the Settlement Agreement, one of Xpand's primary responsibilities was to cause the Class Notice to be mailed to all known Class Members by first-class mail. On March 25, 2025, Xpand received from Defense Counsel a file containing 48 records, which contained the names, addresses, hire and termination dates, and SSNs for known Class Members. On April 8, 2025, Xpand received an updated file, containing the same fields for 47 employees, as one named Plaintiff that was not included in the original data was added in and two employees were removed due to previously accepting Rule 68 offers. As part of the preparation for mailing, Xpand ran all 47 records with a mailing address through the National Change of Address database (NCOA) and received updated addresses for 15 records. The addresses for all 15 records were updated prior to mailing. On April 17, 2025, Xpand mailed a Class Notice, which included a Class Notice, Claim Form, and a Cover Letter to all 47 Class Members. A true and correct copy of the mailed Class Notice is attached hereto as **Exhibit B**. As of June 10, 2025, no Class Notices had been returned as undeliverable without a forwarding address.

## IV.    CLAIMANT COMMUNICATION

5.    Xpand established Post Office Box 51570, Irvine, CA 92619 to receive written communication from Class Members, including correspondence, requests for exclusion or copies of written objections.

2

6. Pursuant to the Agreement, the named Plaintiffs are considered Claimants. As such, they did not need to submit Claim Forms.

7. As of June 10, 2025, Xpand has received twenty Claim Forms.

8. As of June 10, 2025, Xpand has not received any timely requests for exclusion.

9. As of June 10, 2025, Xpand has not received any objections to the settlement.

10. The deadline for requesting exclusions and submit objections is June 10, 2025.

**V.    TELEPHONE SUPPORT**

11. Xpand established a toll-free number to allow Settlement Class Members to call our agents and answer any questions or request more information.

12. On April 11, 2025, Xpand activated a toll-free number, (888) 557-2773, which allows Class Members to receive information and provide answers about the settlement, and allows Class Members to request a Class Notice.

13. As of June 10, 2025, Xpand has not received any phone calls.

**VI.    CLAS LIST AND PRELIMINARY DISTRIBUTION CALCULATIONS**

13. Xpand received the necessary information from Defendant for each Class Member, including their name, address, position, SSN, hire and termination dates each Class Member worked during the Class Period. The Class List comprises 47 class members.

14. Per the Settlement Agreement and Court approval, Xpand will be deducting from the Maximum Settlement Amount of $565,000.00 attorneys' fees in the amount of $188,333.33 and costs in the amount of $10,000; a Service Award payment to each of the three (3) Named Plaintiffs in the total amount of $15,000.00; and administration costs in an amount not to exceed $17,500.00. This will leave a Net Settlement Amount $334,166.67 which will be determined pursuant to the terms of the Settlement Agreement and the formulas agreed upon by the Parties.

15. The Net Settlement Fund will be divided by the aggregate number of points accrued by all Class Members to derive the Point Value.

16. The estimated total hours (or points) worked by the Class Members is 223,930.99. A total of 7 Class Members qualify for the Alternative Minimum Benefit, resulting in payments of $150 each, for a total of $1,050.00. The remaining distribution is based on point allocations.

For the Tip Credit and Notice Fund, 41 Class Members earned a combined 21,582.21 points, with a point value of $12.35, totaling $266,493.33. For the Tip Disgorgement Fund, 32 Class Members earned a combined 202,347.78 points, with a point value of $0.33, totaling $66,623.33. The total amount claimed across all distributions is $299,312.96.

I declare under the penalty of perjury under the laws of the state of California that the foregoing is true and correct.

Dated: June 10, 2025

Jonathan Paul

DECLARATION OF JONATHAN PAUL RE NOTICE PROCEDURES
CASE NO. 23-cv-08545 (JGLC)

# EXHIBIT "A"

# XPAND

**ABOUT XPAND**

Xpand is a fast-growing legal administration firm. With over 20 years of industry experience, CEO, Jonathan Paul, leverages his subject matter expertise to ensure excellence is at the core of all we do. Starting his legal administration career as a Project Manager, he later advanced into positions such as Senior Vice President at one of the largest administrators in the country and President of Sales & Marketing for a long-standing boutique firm. He now works closely with the project and case teams to ensure best in class processes are followed.

COO, Tiffany Paul, comes with over a decade of experience at one of the largest consumer goods companies in the world. Coupled with the successful launch and scale of her own startups, Tiffany brings creative solutions to a field that has a tendency to be stuck in its ways and has improved dozens of processes during her tenure running legal administration projects.

The case management team has been involved in projects spanning several practice areas, including:

- Data Breach
- Consumer Protection
- Discrimination
- Mass Tort
- PAGA

- Personal Injury
- Product Liability
- Wage and Hour
- ERISA
- Antitrust

**ABOUT OUR STRATEGY**

Xpand's taking a fresh look at the processes and procedures that have dominated the legal administration space for decades and quickly finding there is plenty of opportunity to innovate.

We've partnered with industry leaders in HR, IT, printing, telecom, banking, and tax reporting to build solutions that meet the needs of any project. Whether it's a small wage & hour case in need of cost effective administration or a multi-tiered mass tort case in need of sophisticated implementation, Xpand has the solution. We spend the time understanding the clients' needs before deploying the right resources in as quickly as 24 hours, allowing law firms to continue their day to day without disruption.

# XPAND

**ABOUT OUR SERVICES**

Xpand is growing quickly and regularly adding services to our repertoire, but currently offers:

- Notification
- Project Management
- Print & Mail
- Call Center
- Legal Advertising
- Website Development
- Forms Processing
- Client Intake

- Address Location
- Data Management
- Qualified Settlement Fund (QSF) Management
- Fund Distribution
- Tax Reporting
- Medical Record Review
- Lien Resolution

**ABOUT OUR EXPERIENCE**

Some of the cases Xpand has managed:
- *Ramirez, et al. v. S&E Gourmet Cuts, Inc., Superior Court of California, County of San Bernardino, Case No. CIVSB2201247*
- *Johnson v Investment Concepts, Superior Court of CA, County of San Diego, Case No. 37-2022-00018300-CU-NP-CTL*
- *Chavis v. Grocery Outlet, Superior Court of California, County of Sacramento, Case No. 34-2021-00309003-CU-OE-GDS:*
- *Busby v. Mission Loans, LLC, et al., Superior Court of California, County of Los Angeles, Case No. 23STCV07682*
- *Barton v. United Development Group, Inc., Superior Court of CA County of SD, Case No. 37-2021-00039885-CU-OE-CTL*
- *Fleschert v. Cedars-Sinai Medical Center, Superior Court of California, County of Los Angeles, Case No. 19STCV05681*
- *Cruz, et al. v. Los Compadres Restaurant, Inc., Superior Court of CA, County of Los Angeles*
- *Aguero, et al. v. SR Long Beach FD, et al., Superior Court of CA, County of Los Angeles, Case No. BC650977*
- *Arizmendi v. Diamond Environmental, Superior Court of CA, County of San Diego, Case No. 37-2023-00051655-CU-OE-CTL*
- *Ascencio v. Kumar Hotels, Superior Court of CA, County of Tehama, Case No. 23C1-00020*
- *Betancur v. Pride Conveyance Systems, Inc., Superior Court of CA, County of San Benito, Case No. CU-21-000022*
- *Britton v. Rice Wings, LLC, Superior Court of Washington, County of King at Kent, Case No. 23-2-09301-1 KNT*
- *California Truck Centers, Superior Court for the State of California, San Joaquin County Superior Court, Case No. STK-CV-UOE-2023-0006967*
- *Calkins v. United Security, Superior Court of CA, County of Los Angeles, Case No. 20STCV35391*
- *Clayton v. Soho House, LLC, et al., Superior Court of CA, County of Los Angeles, Case No. 24SMCV02114*
- *Flores v. JR & MRP, Superior Court of CA, County of Los Angeles, Case No. 56-2021-00557205-CU-OE-VTA*

# XPAND

- *Gatica-Castro v. Specialty Team Plastering, Inc., Superior Court of CA, County of Santa Barbara, Case No. 22CV01120*
- *Guinto v. C&K Market, Superior Court of CA, County of Siskiyou, Case No. SCCV-CVCV-2021-964*
- *Hawkins, et al. v. Ontel Security Services, Inc., Superior Court of CA, County of Stanislaus, Case No. CV-20-005404*
- *Horowitz v. Skywest Airlines, Inc. United States District Court Northern District of CA – San Francisco, Case No, 21-CV-04674-MMC*
- *Huffman v. K&M Casinos, Inc., Superior Court of CA, County of Sacramento, Case No. 34-2021-00300960*
- *Kaiser v. Equity Residencial Management, Superior Court of CA, County of Los Angeles, Case No. 21STCV42487*
- *Lambert v. Dual Diagnosis PAGA, Superior Court of CA, County of Los Angeles – Spring Street Courthouse, Case No. BC616149*
- *Laninovich v. Bear Valley Springs, Superior Court of CA for the County of Kern, Case No. BCV-21-102750-BCB*
- *LaVia v. Curaleaf Holdings, Inc., Supreme Court of the State of NY, County of Nassau, Case No. 610309/2024*
- *Lopez v. DH Long Point Management LLC, Superior Court of CA, County of Los Angeles – Spring Street Courthouse, Case No. 21STCV35029*
- *Mayorga, et al. v. Qualawash Holding, LLC, et al., Superior Court of CA, County of Los Angeles, Case No. 23STCV00914 and 23NWCV00148*
- *McLane v. GoPlus Corp, Superior Court of CA, County of San Bernardino- Civil Division-Complex, Case No. C1VDS1819150*
- *Mireles v. Lodi Memorial Hospital, Superior Court of CA, County of San Joaquin, Case No.STK-CV-UOE-2020-0004458*
- *Moreno, et al. v. Infiniti Group, LLC, et al., Superior Court of CA, County of San Bernadino, Case No. C1VSB2223551*
- *Norfleet v. RevCore Recovery Center, Supreme Court of the State of New York, Case No. 617754/2023*
- *Norris v. CG Hospitality Group, Inc., Superior Court of CA, County of Los Angeles, Case No. 23STCV12946*
- *Pascual v. Heritage on the Marina, Superior Court of CA, County of San Francisco, Case No. CGC-23-607790*
- *Pipich, et al. v. O'Reilly Auto Enterprises, LLC, et. al., United States District Cour for the Southern District of CA, Case No. 3:21-cv-00120-L-JLB*
- *Sanchez v. JR Pierce Plumbing, Superior Court of CA, County of Sacramento, Case No. 34-2021-00300960-CU-OE-GDS*
- *Sanchez v. MiTac Information Systems Corp., et al., Superior Court of CA, County of Alameda, Case No. 22CV005940*
- *Santos v. Replanet Packaging, Superior Court of CA, County of Tulare, Case No. VCU285878*
- *Sim v. Maddox Resources, Inc., Superior Court of CA, County of Los Angeles, Case No. 22STCV20798*
- *Sorensen v. P.F. Automotive, Superior Court of CA, County of San Diego, Case No. 37-2023-0025169-CU-OE-CTL*
- *Sproul v. IKEA, Superior Court of CA, County of Kern, Case No. BCV-20-101600*
- *Tellez v. Mercy Housing Management, Superior Court of CA, County of Alameda, Case No. 23CV031003*
- *Touch v. Cox Automotive, United States District Court Eastern District of CA, Case No. 2:23-cv-09145-TLN-CSK*
- *Trimmer, et al. v. Barclay Water Management, Inc., Supreme Court of the State of New York, New York County, Case No. 653139/24*

# XPAND

- *Vasquez v. PJ Farm Labor, Superior Court of CA, County of Kings, Case No. 22C-0382*
- *Wolff v. Enterprise Fleet Management, Inc., Superior Court of CA, County of Los Angeles, Case No. 23STCV16885*
- *Wright v. Home Box Office, Inc., et al, Superior Court of CA, County of Los Angeles, Case No. 21STCV19636*
- Mass Tort: Several medical device, pharmaceutical cases, natural disaster, fire and sexual abuse cases which are confidential.

# EXHIBIT "B"

## NOTICE OF PROPOSED CLASS ACTION LAWSUIT SETTLEMENT
## AND FAIRNESS HEARING

«FullBarcodeEncoded»

Xpand ID: «Xpand ID» - «Rec»
«FirstName» «LastName»
«Address1» «Address2»
«City», «State»  «Zip»-«ZipDPC3»

**TO:    PERSONS WHO WORKED AS A TIPPED FOOD-SERVICE EMPLOYEE AT IL GRADINO IN MANHATTAN BETWEEN May 1, 2022 AND NOVEMBER 19, 2024.**

Based on information in Il Gradino's records, you were employed as a tipped food-service employee at Il Gradino in Manhattan between May 1, 2022 and November 19, 2024 and are entitled to participate in the proposed settlement of the case captioned *Tenezaca, et al v. 808 Lex Restaurant, LLC,* No. 23 CV 08545 (S.D.N.Y.) (the "Lawsuit").   The Lawsuit was brought by Alfonso Tenezaca, Nelson Nacipucha, and Renan Zamora-Flores against 808 Lex Restaurant, LLC d/b/a Il Gradino Restaurant, Terrence Lowenberg, and Todd Cohen (collectively "Il Gradino" or "Defendants").

Under the terms of the parties' settlement ("Settlement" or "Settlement Agreement"), you may claim money under the Settlement.  **A CLAIM FORM IS ENCLOSED WITH THIS NOTICE.  YOU WILL RECEIVE MONEY FROM THIS SETTLEMENT ONLY IF YOU RETURN THE ATTACHED CLAIM FORM TO THE CLAIMS ADMINISTRATOR ON OR BEFORE JUNE 10, 2025.**

## 1.   WHAT IS THE PURPOSE OF THIS NOTICE?

**PLEASE READ THIS NOTICE CAREFULLY.**   It contains important information about your rights concerning the settlement of the Lawsuit.  If the Court approves the Settlement Agreement, each Class Member will be bound by its terms unless he/she affirmatively opts-out of the Settlement Agreement.

The Court has ordered that this Notice be sent to you to inform you of your rights under the Settlement Agreement resolving the Lawsuit.

## 2.   WHAT IS THIS CASE ABOUT?

The Lawsuit asserts claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") alleging that Il Gradino failed to properly compensate certain tipped food-service employees for all hours worked, including overtime for hours worked in excess of forty per workweek.  The Lawsuit also alleges that employees were not provided with the appropriate notices that Il Gradino was required to provide them with.  Finally, the Lawsuit alleges that Il Gradino misappropriated portions of employees' tips.

Defendants deny these allegations in their entirety and maintain that all tipped food-service employees were paid properly and received all monies owed.  The parties have entered into this Settlement Agreement solely with the intention to avoid further disputes and litigation with the attendant inconvenience and expense.  The Court has not made any ruling on the merits of the claims in the Lawsuit, and no party has prevailed in this action.

## 3. WHO IS INCLUDED IN THE CLASS?

The parties have agreed to settle the Lawsuit for a class consisting of all tipped food-service employees employed at Il Gradino between May 1, 2022 and December 9, 2024 ("Class Members"). You have received this notice because Il Gradino has identified you as tipped food-service employee eligible to receive a portion of the Settlement.

## 4. HOW WILL MY SHARE OF THE SETTLEMENT FUND BE CALCULATED?

If the Settlement Agreement is given final approval by the Court, Defendants will pay up to a maximum of $565,000.00 in total settlement funds. If the Court also approves the payments set forth below, the following payments and expenses will be deducted from the $565,000.00 prior to distribution of the settlement funds to Class Members:

1.  Attorneys' Fees and Costs: Class Counsel will apply to the Court for approval of costs and attorneys' fees of one-third of the Settlement Fund after deducting their costs.

2.  Service Awards: If the Court approves such payments, $5,000 will be paid to each of the Named Plaintiffs Alfonso Tenezaca, Nelson Nacipucha, and Renan Zamora-Flores.

3.  Claims Administrator Costs: Class Counsel will apply to the Court for recovery of all costs of administration of this settlement.

4.  If the Court approves the payments listed above, the remaining Settlement Fund (the "Net Settlement Fund") will be allocated to Class Members based on the hours worked between May 1, 2022 and December 31, 2023 and the amount of credit card tips they received between May 1, 2022 and December 31, 2022.

- No Class Member will be allocated a settlement share that is less than $150.

- Once checks are issued, they will be valid for only 180 days.

- For more information about how individual settlement awards are calculated, you may contact Plaintiffs' Counsel, Josef Nussbaum at Joseph & Kirschenbaum LLP, 32 Broadway, Suite 601, New York, NY 10004 at 212-688-5640 or jnussbaum@jk-llp.com.

- **IF YOU DO NOTHING, YOU WILL REMAIN PART OF THE CASE, NOT RECEIVE PAYMENT AND STILL BE BOUND BY THE TERMS OF THIS SETTLEMENT AGREEMENT.**

## 5. HOW CAN I COLLECT MY SHARE OF THE SETTLEMENT?

**In order to collect your share of the Settlement, you must fill out the enclosed Claim Form. If you do not fill out a Claim Form, you will not receive any money from this settlement.** Attached to this Notice is a Claim Form which you must fill out and mail, postmarked on or before **June 10, 2025**, to:

*Tenezaca v. 808 Lex Restaurant* Settlement Administrator
c/o Xpand Legal Consulting
PO Box 51570
Irvine, CA 92619
classaction@xpandlegal.com
Phone/Fax (888) 557-2773

Il Gradino cannot retaliate against you for participating in this Settlement and/or submitting a Claim Form.

It is your responsibility to retain proof of timely mailing or submission of a Claim Form until receipt of your settlement payment. If you move, you must send the Claims Administrator your new address. It is your responsibility alone to provide a forwarding address to the United States Post Office and your current address to the Claims Administrator.
If you are found eligible to participate in the Settlement, you should not expect to receive any payment until the Settlement is final, which will likely be several months away.

## 6. WHAT IS THE LEGAL EFFECT OF THE SETTLEMENT?

Upon the Order Granting Final Approval of the Settlement Agreement, and except as to such rights or claims as may be created by it, each Class Member, on his or her behalf, and on behalf of his or her respective current, former and future heirs, spouses, executors, administrators, agents, and attorneys, fully releases and discharges Defendants, Defendants' present and former parent companies, subsidiaries, related or affiliated companies, shareholders, officers, directors, members, managers, co-joint venture, fiduciaries, trustees, employee benefit plan administrators, agents, attorneys, insurers, successors and assigns, and all persons or entities acting by, through, under or in concert with any of them, and any individual or entity which could be jointly liable with any of them ("Releasees"), from any claims under the New York Labor law and/or any applicable New York State Wage Order or local law, including but not limited to, claims related to the time they worked at Il Gradino, claims for unpaid wages and/or tips, overtime pay, failure to maintain and furnish employees with proper wage records, paystubs, and/or notices, liquidated damages, attorneys' fees and costs, and all other claims that were or could have been asserted in the Lawsuit under state wage and hour or employment laws, whether known or unknown, through the date of execution of the Settlement Agreement, including but not limited to state law claims for overtime, unpaid wages/tips, interest, liquidated damages, and attorneys' fees and costs related to such claims.

In addition, if you sign and return a Claim Form that is accepted pursuant to this Settlement, you, on your own behalf, and on behalf of your respective current, former and future heirs, spouses, executors, administrators, agents, and attorneys, will forever and fully release Defendants and Releasees from any FLSA claims relating to the time you worked at Il Gradino, claims for unpaid wages and/or overtime wages, unpaid tips, liquidated damages, and attorneys' fees and costs related to such claims, that were or could have been asserted in the Litigation, whether known or unknown, through the date you sign the Claim Form.

## 7. HOW DO I OPT OUT OF THE SETTLEMENT CLASS?

You have the option of opting out of the Settlement Agreement if you do not want to participate in the Settlement or be bound by the release of claims described above. To opt-out of the Settlement Agreement you must do so by June 10, 2025. If you do not opt out, you will be bound by the terms of the Settlement Agreement. To opt out, you must mail a signed letter which specifically states, "I elect to exclude myself from the settlement in *Tenezaca, et al v. 808 Lex Restaurant, LLC,* No. 23 CV 08545 (S.D.N.Y.)" postmarked no later than June 10, 2025. You must include your name and address in the letter.
If you choose to opt out, send your letter to:

*Tenezaca v. 808 Lex Restaurant* Settlement Administrator
c/o Xpand Legal Consulting
PO Box 51570
Irvine, CA 92619
classaction@xpandlegal.com
Phone/Fax (888) 557-2773

## 8. WHAT IF I HAVE AN OBJECTION TO THE SETTLEMENT?

If you have not opted out of the Settlement, and if you wish to present objections to the proposed settlement at the Fairness Hearing, you must first do so in writing.  You are not required to submit an objection.  Written objections must be postmarked no later than June 10, 2025, and sent to:

*Tenezaca v. 808 Lex Restaurant* Settlement Administrator
c/o Xpand Legal Consulting
PO Box 51570
Irvine, CA 92619
classaction@xpandlegal.com
Phone/Fax (888) 557-2773

Written objections must contain your name and address, must be signed by you, and must include reference to the matter of *Tenezaca, et al v. 808 Lex Restaurant, LLC,* No. 23 CV 08545 (S.D.N.Y.).   If you opt-out of the settlement, you may not also object to the settlement.

## 9. WHEN IS THE FAIRNESS HEARING?

A hearing before the Honorable Jessica G. L. Clarke, will be held on June 11, 2025, at 12:00pm at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan U.S. Courthouse, 500 Pearl St., at Courtroom 11B, New York, NY 10007 (the "Fairness Hearing").  The purpose of this hearing will be for the Court to determine whether the Settlement Agreement is fair, adequate, and reasonable and should be approved by the Court.  The Court will consider any comments or objections filed in accordance with the procedures described above.

## 10. HOW CAN I EXAMINE COURT RECORDS?

This Notice does not contain all of the terms of the proposed Settlement or all of the details of these proceedings. For more detailed information, you are advised to refer to the underlying documents and papers on file with the Court.

Additionally, if you have questions about this Notice or want additional information, you can contact Josef Nussbaum of Joseph & Kirschenbaum LLP at 212-688-5640 or jnussbaum@jk-llp.com or the Claims Administrator at the address/phone number listed above.

## AVISO DE ACUERDO DE DEMANDA COLECTIVA PROPUESTA
## Y AUDIENCIA DE EQUIDAD

«FullBarcodeEncoded»

Xpand ID: «Xpand ID» - «Rec»
«FirstName» «LastName»
«Address1» «Address2»
«City», «State»   «Zip»-«ZipDPC3»

**A:    LAS PERSONAS QUE TRABAJARON COMO EMPLEADOS DE SERVICIO DE ALIMENTOS CON PROPINAS EN IL GRADINO EN MANHATTAN ENTRE EL 1 de mayo de 2022 y el 19 de noviembre de 2024.**

Según la información de los registros de Il Gradino, usted estuvo empleado como empleado de servicio de alimentos con propinas en Il Gradino en Manhattan entre el 1 de mayo de 2022 y el 19 de noviembre de 2024 y tiene derecho a participar en el acuerdo propuesto del caso titulado *Tenezaca, et al v. 808 Lex Restaurant, LLC*, No. 23 CV 08545 (S.D.N.Y.) (la "Demanda"). La Demanda fue presentada por Alfonso Tenezaca, Nelson Nacipucha y Renan Zamora-Flores contra 808 Lex Restaurant, LLC con nombre comercial Il Gradino Restaurant, Terrence Lowenberg y Todd Cohen (colectivamente "Il Gradino" o "Demandados").

En virtud de los términos del acuerdo entre las partes ("Acuerdo" o "Acuerdo de resolución"), usted puede reclamar dinero en virtud del Acuerdo. **A ESTE AVISO SE ADJUNTA UN FORMULARIO DE RECLAMACIÓN. SOLAMENTE RECIBIRÁ DINERO DE ESTE ACUERDO SI DEVUELVE EL FORMULARIO DE RECLAMACIÓN ADJUNTO AL ADMINISTRADOR DE RECLAMACIONES NO MÁS TARDE DEL 10 DE JUNIO DE 2025.**

| 1.  ¿CUÁL ES EL OBJETIVO DE ESTE AVISO? |
|---|

**POR FAVOR, LEA DETENIDAMENTE ESTE AVISO.** Contiene información importante sobre sus derechos en relación con la resolución de la Demanda. Si el Tribunal aprueba el Acuerdo de resolución, cada Miembro del Colectivo estará obligado por sus términos a menos que opte afirmativamente por no participar en el Acuerdo de resolución.

El Tribunal ha ordenado que se le envíe este Aviso para informarle de sus derechos en virtud del Acuerdo de resolución que resuelve la Demanda.

| 2.  ¿DE QUÉ TRATA ESTE CASO? |
|---|

La Demanda hace valer reclamaciones bajo la Ley de Normas Laborales Justas ("FLSA") y la Ley Laboral de Nueva York ("NYLL") alegando que Il Gradino no compensó debidamente a ciertos empleados de servicio de alimentos con propinas por todas las horas trabajadas, incluidas las horas extras por horas trabajadas en exceso de cuarenta por semana laboral. La Demanda también alega que a los empleados no se les proporcionaron los avisos apropiados que Il Gradino estaba obligado a proporcionarles. Finalmente, la Demanda alega que Il Gradino se apropió indebidamente de partes de las propinas de los empleados.

Los Demandados niegan estas acusaciones en su totalidad y sostienen que a todos los empleados del servicio de alimentos que recibieron propinas se les pagó correctamente y recibieron todo el dinero adeudado. Las partes han

celebrado este Acuerdo de resolución con la única intención de evitar más disputas y litigios con los inconvenientes y gastos asociados. El Tribunal no se ha pronunciado sobre los fundamentos de las reclamaciones en la demanda, y ninguna de las partes ha prevalecido en esta acción.

## 3. ¿QUIÉN ESTÁ INCLUIDO EN EL COLECTIVO?

Las partes han acordado resolver la Demanda para un colectivo que consta de todos los empleados de servicios de alimentos que reciben propinas empleados en Il Gradino entre el 1 de mayo de 2022 y el 9 de diciembre de 2024 ("Miembros del Colectivo"). Usted ha recibido este aviso porque Il Gradino lo ha identificado como un empleado de servicio de alimentos con propinas elegible para recibir una porción del Acuerdo.

## 4. ¿CÓMO SE CALCULARÁ MI PORCIÓN DEL FONDO DEL ACUERDO?

Si el Acuerdo de resolución recibe la aprobación final del Tribunal, los Demandados pagarán hasta un máximo de $565,000.00 en fondos totales del acuerdo. Si el Tribunal también aprueba los pagos establecidos a continuación, los siguientes pagos y gastos se deducirán de los $565,000.00 antes de la distribución de los fondos del acuerdo a los Miembros del Colectivo:

1.  Honorarios y Costos de los Abogados: Los Abogados del Colectivo solicitarán al Tribunal la aprobación de los costos y honorarios de abogados de un tercio del Fondo del Acuerdo después de deducir sus costos.

2.  Adjudicaciones de Servicio: Si el Tribunal aprueba dichos pagos, se les pagará $5,000 a cada uno de los Demandantes Titulares: Alfonso Tenezaca, Nelson Nacipucha, y Renan Zamora-Flores.

3.  Costos del Administrador de Reclamaciones:  Los Abogados del Colectivo solicitarán al Tribunal la recuperación de todos los costos de administración de este acuerdo.

4.  Si el Tribunal aprueba los pagos enumerados anteriormente, el Fondo del Acuerdo restante (el "Fondo Neto del Acuerdo") se asignará a los Miembros del Colectivo en función de las horas trabajadas entre el 1 de mayo de 2022 y el 31 de diciembre de 2023 y la cantidad de propinas de tarjetas de crédito que recibieron entre el 1 de mayo de 2022 y el 31 de diciembre de 2022.

- A ningún Miembro del Colectivo se le asignará una porción del acuerdo inferior a $150.

- Una vez que se emitan los cheques, serán válidos solamente por 180 días.

- Para obtener más información sobre cómo se calculan las adjudicaciones individuales del acuerdo, puede ponerse en contacto con el abogado de los Demandantes, Josef Nussbaum de Joseph & Kirschenbaum LLP, 32 Broadway, Suite 601, New York, NY 10004 llamando al 212-688-5640 o jnussbaum@jk-llp.com.

- **SI NO HACE NADA, SEGUIRÁ FORMANDO PARTE DEL CASO, NO RECIBIRÁ UN PAGO Y SEGUIRÁ ESTANDO SUJETO A LOS TÉRMINOS DE ESTE ACUERDO DE RESOLUCIÓN**.

## 5. ¿CÓMO PUEDO COBRAR MI PORCIÓN DEL ACUERDO?

**Para cobrar su porción del Acuerdo, debe completar el Formulario de Reclamación adjunto. Si no rellena un Formulario de Reclamación, no recibirá ningún dinero de este acuerdo.** Adjunto a este Aviso hay un Formulario de Reclamación que debe completar y enviar por correo, con matasellos del **10 de junio de 2025** a más tardar, a:

*Tenezaca v. 808 Lex Restaurant* Settlement Administrator
c/o Xpand Legal Consulting
PO Box 51570
Irvine, CA 92619
classaction@xpandlegal.com
Teléfono/Fax (888) 557-2773

Il Gradino no puede tomar represalias contra usted por participar en este Acuerdo y/o presentar un Formulario de Reclamación.

Usted es responsable de conservar el comprobante de envío o presentación oportuna de un Formulario de Reclamación hasta recibir el pago del acuerdo. Si se muda, debe enviar al Administrador de Reclamaciones su nueva dirección. Es su única responsabilidad proporcionar una dirección de reenvío a la Oficina Postal de los Estados Unidos y su dirección actual al Administrador de Reclamaciones.

Si se determina que usted es elegible para participar en el Acuerdo, no espere recibir ningún pago hasta que el Acuerdo sea definitivo, lo que probablemente sucederá dentro de varios meses.

## 6. ¿CUÁL ES EL EFECTO LEGAL DEL ACUERDO?

A partir de la Orden que Otorga la Aprobación Final del Acuerdo de Resolución, y excepto en lo que respecta a los derechos o reclamaciones que pueda crear, cada Miembro del Colectivo, en su nombre y en nombre de sus respectivos herederos, cónyuges, albaceas, administradores, agentes y abogados actuales, anteriores y futuros, libera y exonera completamente a los Demandados, las empresas matrices actuales y anteriores de los Demandados, subsidiarias, compañías relacionadas o afiliadas, accionistas, funcionarios, directores, miembros, gerentes, empresas conjuntas, fiduciarios, fideicomisarios, administradores de planes de beneficios para empleados, agentes, abogados, aseguradores, sucesores y cesionarios, y todas las personas o entidades que actúen por, a través, bajo o en concierto con cualquiera de ellos, y cualquier individuo o entidad que pueda ser conjuntamente responsable con cualquiera de ellos ("Liberados"), de cualquier reclamación en virtud de la ley laboral de Nueva York y/o cualquier Orden de Salarios del Estado de Nueva York vigente o la ley local, incluidos, entre otras, las reclamaciones relacionadas con el tiempo que trabajaron en Il Gradino, reclamaciones por salarios y/o propinas no pagados, pago de horas extras, falta de mantenimiento y suministro de los empleados con registros de salarios adecuados, talones de pago, y/o avisos, daños y perjuicios, honorarios y costos de abogados, y todas las demás reclamaciones que se hicieron o podrían haberse hecho valer en la Demanda en virtud de las leyes estatales de salarios y horas o empleo, ya sean conocidas o desconocidas, hasta la fecha de ejecución del Acuerdo de resolución, incluidas, entre otras, las reclamaciones de la ley estatal por horas extras, salarios/propinas no pagados, intereses, daños liquidados y honorarios y costos de abogados relacionados con dichas reclamaciones.

Además, si firma y devuelve un Formulario de Reclamación que se acepta de conformidad con este Acuerdo, usted, en su propio nombre y en nombre de sus respectivos herederos, cónyuges, albaceas, administradores, agentes y abogados actuales, anteriores y futuros, libera para siempre y por completo a los Demandados y Liberados de cualquier reclamación de la FLSA relacionada con el tiempo que trabajó en Il Gradino, las reclamaciones por salarios no pagados y/o salarios de horas extras, propinas no pagadas, daños liquidados, y honorarios y costos de abogados relacionados con dichas reclamaciones, que fueron o podrían haberse hecho valer en el Litigio, ya sea conocido o desconocido, hasta la fecha en que firma el Formulario de Reclamación.

## 7. ¿CÓMO ME EXCLUYO DEL COLECTIVO DEL ACUERDO?

Usted tiene la opción de excluirse del Acuerdo de resolución si no desea participar en el Acuerdo o estar sujeto a la liberación de reclamaciones descrita anteriormente. Para excluirse del Acuerdo de resolución, debe hacerlo no más tarde del 10 de junio de 2025. Si no se excluye, estará sujeto a los términos del Acuerdo de resolución. Para excluirse, debe enviar una carta firmada que diga específicamente: "Decido excluirme del acuerdo *Tenezaca, et al v. 808 Lex*

*Restaurant, LLC*, No. 23 CV 08545 (S.D.N.Y.)" con matasellos del 10 de junio de 2025 a más tardar. Debe incluir su nombre y dirección en la carta. Si decide excluirse, envíe su carta a:

*Tenezaca v. 808 Lex Restaurant* Settlement Administrator
c/o Xpand Legal Consulting
PO Box 51570
Irvine, CA 92619
classaction@xpandlegal.com
Teléfono/Fax (888) 557-2773

## 8. ¿QUÉ OCURRE SI TENGO UNA OBJECIÓN AL ACUERDO?

Si no se ha excluido del Acuerdo, y si desea presentar objeciones al acuerdo propuesto en la Audiencia de Equidad, primero debe hacerlo por escrito. No está obligado a presentar una objeción. Las objeciones por escrito deben tener matasellos del 10 de junio de 2025 a más tardar, y enviarse a:

*Tenezaca v. 808 Lex Restaurant* Settlement Administrator
c/o Xpand Legal Consulting
PO Box 51570
Irvine, CA 92619
classaction@xpandlegal.com
Teléfono/Fax (888) 557-2773

Las objeciones por escrito deben incluir su nombre y dirección, deben estar firmadas por usted, y deben hacer referencia al caso de *Tenezaca, et al v. 808 Lex Restaurant, LLC*, No. 23 CV 08545 (S.D.N.Y.). Si se excluye del acuerdo, tampoco puede objetar al mismo.

## 9. ¿CUÁNDO ES LA AUDIENCIA DE EQUIDAD?

El 11 de junio de 2025, a las 12:00 p.m., se llevará a cabo una audiencia ante la Honorable Jessica G. L. Clarke en el Tribunal de Distrito de los Estados Unidos por el Distrito Sur de Nueva York, Daniel Patrick Moynihan U.S. Courthouse, 500 Pearl St., en la Sala 11B, Nueva York, NY 10007 (la "Audiencia de Equidad"). El propósito de esta audiencia será que el Tribunal determine si el Acuerdo de resolución es justo, adecuado y razonable, y debe ser aprobado por el Tribunal. El Tribunal considerará cualquier comentario u objeción presentada de acuerdo con los procedimientos descritos anteriormente.

## 10. ¿CÓMO PUEDO EXAMINAR LOS REGISTROS DEL TRIBUNAL?

Este Aviso no contiene todos los términos del Acuerdo propuesto ni todos los detalles de estos procedimientos. Para obtener información más detallada, se recomienda consultar los documentos subyacentes y los documentos archivados en el Tribunal.

Además, si tiene dudas sobre este Aviso o desea información adicional, puede ponerse en contacto con Josef Nussbaum de Joseph & Kirschenbaum LLP llamando al 212-688-5640 o jnussbaum@jk-llp.com o con el Administrador de Reclamaciones a la dirección/número de teléfono que se indica anteriormente.

## CLASS MEMBER CLAIM FORM

*(Tenezaca, et al v. 808 Lex Restaurant, LLC,* No. 23 CV 08545)

**TO SHARE IN THE SETTLEMENT, YOU <u>MUST</u> COMPLETE, SIGN AND RETURN THIS CLAIM FORM.  YOU WILL NOT RECEIVE ANY PAYMENT FROM THE SETTLEMENT UNLESS YOU SUBMIT THIS CLAIM FORM.  THE CLAIM FORM MUST BE POSTMARKED OR E-MAILED NO LATER THAN JUNE 10, 2025:**

«FullBarcodeEncoded»
Xpand ID: «Xpand ID» - «Rec»
«FirstName» «LastName»
«Address1» «Address2»
«City», «State»  «Zip»-«ZipDPC3»

**<u>Corrections or Additional Information</u>**:
(*Write any name and address corrections below if any is necessary <u>OR</u> if there is no preprinted data to the left, please provide your name and address here)*

_____
_____
_____
_____
Daytime Telephone Number (____) _____
Evening Telephone Number (____) _____

*Tenezaca v. 808 Lex Restaurant* Settlement Administrator
c/o Xpand Legal Consulting
PO Box 51570
Irvine, CA 92619
classaction@xpandlegal.com
Phone/Fax (888) 557-2773

Il Gradino's records indicate that you were employed by Il Gradino as a tipped food-service employee between May 1, 2022 and December 9, 2024.  Based on the hours you worked, and the credit card tips you received according to Il Gradino's records, your estimated Individual Settlement Amount is approximately **$«IndividualSettlementAmt»**.  Please note that this is just an estimate and is subject to change.

By signing and returning this form, you are claiming your Individual Settlement Amount and opting in to the above-captioned lawsuit brought to recover wages under the Fair Labor Standards Act and New York Labor Law. If you do not sign and return this form, you are still bound by the terms of the Settlement unless you opt-out.

By signing and returning this form, you acknowledge that you are releasing claims against Defendants and Releasees, as set forth in greater detail in the Notice of Settlement.

Date: _____          _____
                                                                   (Sign your name here)

# FORMULARIO DE RECLAMACIÓN PARA MIEMBROS DEL COLECTIVO

*(Tenezaca, et al v. 808 Lex Restaurant, LLC,* No. 23 CV 08545)

**PARA PARTICIPAR EN EL ACUERDO, <u>DEBE</u> COMPLETAR, FIRMAR Y DEVOLVER ESTE FORMULARIO DE RECLAMACIÓN. NO RECIBIRÁ NINGÚN PAGO DEL ACUERDO A MENOS QUE PRESENTE ESTE FORMULARIO DE RECLAMACIÓN. EL FORMULARIO DE RECLAMACIÓN DEBE TENER MATASELLOS O ENVIARSE POR CORREO ELECTRÓNICO NO MÁS TARDE DEL 10 DE JUNIO DE 2025.**

«FullBarcodeEncoded»
Xpand ID: «Xpand ID» - «Rec»
«LastName»
«Address1» «Address2»
«City», «State»  «Zip»-«ZipDPC3»

<u>**Correcciones o Información adicional**</u>:
(*Escriba cualquier corrección de nombre o dirección si fuese necesario __O__ si no hay datos impresos a la izquierda, proporcione su nombre y dirección aquí*

_____

_____

_____

_____

Nº de teléfono de día   (____) _____
Nº de teléfono de tarde (____) _____

*Tenezaca v. 808 Lex Restaurant* Settlement Administrator
c/o Xpand Legal Consulting
PO Box 51570
Irvine, CA 92619
classaction@xpandlegal.com
Teléfono/Fax (888) 557-2773

Los registros de Il Gradino indican que usted fue empleado de Il Gradino como empleado del servicio de alimentos con propinas entre el 1 de mayo de 2022 y el 9 de diciembre de 2024. Basándose en las horas que trabajó y las propinas de tarjetas de crédito que recibió según los registros de Il Gradino, su Pago Individual del Acuerdo estimado es de aproximadamente **$«IndividualSettlementAmt»**. Tenga en cuenta que esto es solo una estimación y está sujeto a cambios.

Al firmar y devolver este formulario, usted reclama el Pago Individual del Acuerdo y opta por participar en la demanda mencionada anteriormente para recuperar salarios conforme a la Ley de Normas Justas Laborales de Nueva York. Si no firma y devuelve este formulario, aún está obligado por los términos del Acuerdo a menos que opte por no participar.

Al firmar y devolver este formulario, usted reconoce que está renunciando a las reclamaciones contra los Demandados y los Liberados, como se establece con mayor detalle en el Aviso de Acuerdo.

Fecha: _____      _____
                                                                      (Firme su nombre aquí)



**Xpand Legal Consulting, LLC**
PO Box 51570
Irvine, CA 92619

April 11, 2025

«FullBarcodeEncoded»

Xpand ID: «Xpand ID» - «Rec»
«FirstName» «LastName»
«Address1» «Address2»
«City», «State»  «Zip»-«ZipDPC3»

**Re:  NOTICE OF CLASS ACTION SETTLEMENT WITH IL GRADINO RESTAURANT IN MANHATTAN**
         (***Tenezaca, et al v. 808 Lex Restaurant, LLC,*** **No. 23 CV 08545)**

Dear «FirstName»,

      According to Il Gradino's records, you worked as a tipped food-service employee at Il Gradino restaurant in Manhattan during the time period covered by a class action lawsuit for unpaid wages.  The Parties have reached a settlement in that lawsuit under which you are eligible to receive a portion of the settlement. Enclosed herein is a Court approved Notice and Claim Form.  **In order to receive payment under the settlement, you must sign the enclosed form entitled "CLASS MEMBER CLAIM FORM." You will not receive money from the settlement unless you submit a Claim Form by June 10, 2025.  In order to receive your settlement amount, the claim form must be mailed or emailed to the address listed in the Claim Form.**

      For full information about the settlement and how to claim your share of the settlement, please contact Plaintiffs' attorney Josef Nussbaum at (212) 688-5640 or jnussbaum@jk-llp.com.

Sincerely,

*Tenezaca v. 808 Lex Restaurant* Settlement Administrator

1



**Xpand Legal Consulting, LLC**
PO Box 51570
Irvine, CA 92619

11 de abril de 2025

«FullBarcodeEncoded»
Xpand ID: «Xpand ID» - «Rec»
«FirstName» «LastName»
«Address1» «Address2»
«City», «State»  «Zip»-«ZipDPC3»

**Asunto:**    **AVISO DE ACUERDO DE DEMANDA COLECTIVA DEL RESTAURANTE IL GRADINO EN MANHATTAN**
(*Tenezaca, et al v. 808 Lex Restaurant, LLC,* No. 23 CV 08545)

Estimado/a «FirstName»,

Según los registros de Il Gradino, usted trabajó como empleado del servicio de alimentos con propinas en el restaurante Il Gradino en Manhattan durante el período de tiempo cubierto por una demanda colectiva por salarios no pagados. Las Partes han llegado a un acuerdo en esa demanda en virtud del cual usted es elegible para recibir una porción del acuerdo. Se adjunta al presente documento un Formulario de Notificación y Reclamación aprobado por el Tribunal. **Para recibir el pago en virtud del acuerdo, debe firmar el formulario adjunto titulado "FORMULARIO DE RECLAMACIÓN PARA MIEMBROS DEL COLECTIVO". No recibirá dinero del acuerdo a menos que presente un Formulario de Reclamación no más tarde del 10 de junio de 2025. Para recibir el monto de su participación, el formulario debe enviarse por correo postal o electrónico a la dirección que figura en el Formulario de Reclamación**.

Para obtener toda la información sobre el acuerdo y cómo reclamar su porción del acuerdo, póngase en contacto con el abogado de los demandantes, Josef Nussbaum, llamando al (212) 688-5640 o por correo electrónico a jnussbaum@jk-llp.com

Atentamente,

*Tenezaca v. 808 Lex Restaurant* Settlement Administrator